[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to Practice Book § 10-33, the Third Party Defendant Town of Litchfield ("Litchfield") moves to dismiss the third party complaint because the court lacks subject matter jurisdiction under the doctrine of municipal immunity. The Third Party Plaintiff Hugh Webster ("Webster") objects to the motion claiming that this complaint falls within an exception to the immunity doctrine.
Unless it consents to be sued through appropriate legislation waiving sovereign immunity, the state or a municipality is immune from suit. "Thus, in a case where a government is the defendant, courts do not have subject matter jurisdiction unless such jurisdiction is statutorily conferred." Novicki v. New Haven, 47 CT Page 13075 Conn. App. 734, 738-39 (1998).
In the third party complaint, Webster alleges the following:
 The counts against the Defendant Hugh Webster in pertinent part allege that the contamination emanates from a landfill owned and operated by the Town of Litchfield, Connecticut.
 The Third Party Defendant, Town of Litchileld, Connecticut, has exclusive control over the landfill which it has owned and has now or formerly operated for the purposes associated with landfills in general, and such ownership and/or operation by the Third Party Defendant was under its sole control.
 If the Plaintiffs suffered damages as they allege it was not as a result of any affirmative act by the Defendant Hugh Webster but rather would have been as a result of the ownership and/or maintenance and/or operation of said landfill by the Third Party Defendant Town of Litchfield, Connecticut
 If the Webster property was contaminated in any respect, it was primarily the responsibility of the Third Party Defendant Town of Litchfleld, Connecticut, rather than the responsibility or affirmative act of the Third Party Plaintiff and therefore, any resulting injuries to the first party Plaintiffs would have been the direct and immediate result from such ownership and/or operation by the Third Party Defendant.
 The Third Party Defendant was in control of the situation in the ownership and/or operation of said landfill to the exclusion of the Third Party Plaintiff.
 The Third Party Defendant, Town of Litchfield, is or may be liable to the Third Party Plaintiff Hugh Webster, for all or part of the plaintiffs claims against the Third Party Plaintiff, Hugh Webster.
The following language from Williams v. New Haven,243 Conn. 763, 769 (1998) is applicable:
 Because it is clear that a municipality enjoys governmental immunity for common-law negligence unless a statute has CT Page 13076 limited or abrogated that immunity, the plaintiffs cannot prevail. The plaintiffs do not rely on any such statute, and they have failed to name an agent, officer or employee of the municipality and to invoke indemnification pursuant to § 7-465. The doctrine of governmental immunity, therefore, is fatal to their cause of action against the defendant.
Webster claims that because the first party complaint alleges damages from a drainage system maintained by Webster emanating from a landfill owned and operated by Litchfleld, and that because the landfill has been previously judicially determined a nuisance, the doctrine of governmental immunity does not bar this third party complaint.
It is true that under common law as well as C.G.S. § 52-557n, a municipality can be sued for acts constituting the creation or participation in the creation of a nuisance. Where the alleged creator of the nuisance is a municipality, however, "the plaintiff must prove that the defendants, by some positive act, intentionally created the condition alleged to constitute a nuisance." Elliott v. Waterbury, 245 Conn. 385, 421 (1998).
There is no allegation in the third party complaint that brings it within this nuisance exception or any other limitation of governmental immunity. Williams v. New Haven, supra,243 Conn. 767 (1998).
The motion is granted.
DiPentima, J.